```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
CHELSEA LARISA,                    )
                                   )
         Plaintiff,                )
                                   )
    v.                             )     C.A. No. 20-415 WES
                                   )
ADP PAYROLL SERVICES, INC.,        )
                                   )
         Defendant.                )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

    Defendant moves to dismiss for lack of personal jurisdiction, improper venue, and/or improper application of Rhode Island law. For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 7, is DENIED.

I.   BACKGROUND

    As alleged in the Complaint, Plaintiff Chelsea Larisa was employed by ADP from around July 2016 to September 10, 2019. Compl. ¶ 7, ECF No. 1-1. She initially lived in Rhode Island and worked out of ADP's Warwick, Rhode Island branch while soliciting sales from clients in Massachusetts. Larisa Aff. ¶¶ 8-10, ECF No. 12-2. Around 2017, Larisa's sales territory was switched to the North Shore, Massachusetts area. Compl. ¶ 8; Larisa Aff. ¶¶ 16-18. Around that time, Larisa began renting an apartment in Boston, Massachusetts, but asserts that she was still required to work

regularly in the Warwick office.  Larisa Aff. ¶¶ 17-19, 23; Aimetti Aff. Ex. 3, ECF No. 7-2.  The amount of time Larisa spent in Massachusetts and worked at the Warwick office during the events at issue is in dispute.

While working at ADP, Larisa alleges that she became romantically involved with her coworker, Ryan McKeon, who Larisa claims also worked from a cubicle in the Warwick office adjacent to hers.  Compl. ¶ 9; Larisa Aff. ¶¶ 20-22.  Larisa alleges that McKeon became physically abusive to her.  Compl. ¶¶ 9, 14.  After he assaulted her at his Boston home in June 2019, she took a Family Medical Leave Act ("FMLA") leave of absence from ADP.  Compl. ¶¶ 14-15.  In July 2019, Larisa attended a company trip in the Bahamas during which McKeon again physically assaulted her, leading her to take out a protective order against him on August 6, 2019.  Compl. ¶¶ 9-10.

On August 9, 2019, Larisa notified ADP of the assaults and the protective order, to which ADP told her they would "take all necessary action."  Compl. ¶¶ 11, 16.  Larisa claims that because ADP did not take steps to address the situation before September 10, 2019, she was forced to resign out of fear of returning to a hostile workplace once her FMLA leave expired.  Compl. ¶¶ 17-21, 24-27.  She claims that ADP's actions violated the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 et seq., the

Victim's Bill of Rights, R.I. Gen. Laws § 12-28-10, and the Rhode Island Whistleblower's Protection Act, R.I. Gen. Laws § 28-50-1 et seq. See generally Compl.

II. LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true a plaintiff's well-pleaded facts and views them in the light most favorable to the claims asserted. McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

   A.  Personal Jurisdiction

Plaintiff has the burden of demonstrating personal jurisdiction. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). This burden is typically proven through the "prima facie" method, wherein a plaintiff "ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts." Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995). When doing so, the Court acts "as a data collector" rather than a factfinder, and "accept[s] the plaintiff's (properly documented) evidentiary proffers as true."

Id.  The Court may also consider uncontradicted evidence from the defendant.  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002).

Because Rhode Island's long-arm statute reaches as far as the United States Constitution will let it, the Court's inquiry is governed by the Due Process Clause.  Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009).  Under this provision, two types of personal jurisdiction exist:  general and specific.  Daynard, 290 F.3d at 51.  As neither party has suggested there is general jurisdiction, Larisa must demonstrate that this Court has specific personal jurisdiction over ADP, requiring that "minimum contacts" exist between ADP and Rhode Island.  See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The First Circuit has set forth three requirements for establishing minimum contacts:  relatedness, purposeful availment, and reasonableness, the last of which includes application of the gestalt factors.  Sawtelle, 70 F.3d at 1389.

    1.    Relatedness

First, the plaintiff must show that "the claim underlying the litigation . . . directly arise[s] out of, or relate[s] to, the defendant's forum-state activities."  Foster-Miller, 46 F.3d at 144 (citation omitted).  The connection between the defendant's

4

conduct and the forum state must be an "important, or [at least] material, element of proof" for the plaintiff's case. Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir. 2008) (citation omitted). The Court must consider ADP's contacts with Rhode Island "through the prism of" Plaintiff's claim, and the test is "flexible [and] relaxed." Sawtelle, 70 F.3d at 1389 (citation omitted).

ADP argues that relatedness is lacking because the alleged assaults and the investigation ADP conducted occurred outside of Rhode Island. Reply 1, ECF No. 14. But Plaintiff's central claim is that ADP created a hostile work environment by requiring her to regularly work in the Warwick office near McKeon. Compl. ¶ 19. Though these facts are in dispute, as pleaded they are sufficient to satisfy the relatedness prong under the prima facie method.

The cases ADP relies on do not help it. In Phillips, a Massachusetts resident interviewed with and signed an employment contract with an ophthalmology office in Illinois. 530 F.3d at 25. Prior to the employee starting work, the relationship between the parties soured, and the employee sued the practice in the District of Massachusetts. Id. The First Circuit held that the district court lacked personal jurisdiction over the Illinois practice because a suit in Massachusetts was not foreseeable. Id. at 27-29. Here, the allegedly hostile work environment was in the Warwick, Rhode Island office, and it was clearly foreseeable that

Plaintiff would bring suit in Rhode Island.

Fields v. Sickle Cell Disease Assoc. of America, Inc. is similarly unhelpful to Defendant. 376 F. Supp. 3d 647 (E.D.N.C. 2018). In Fields, the plaintiff was hired by a Maryland company that allowed her to work remotely in North Carolina, with the condition that she work five days a month at their Maryland office. Id. at 650, 652. After experiencing harassment and discrimination, plaintiff sued the company in North Carolina court. Id. at 649. The court granted the company's motion to dismiss, noting that "the locus of the parties' interaction was overwhelmingly outside the forum" and finding that the company lacked substantial contacts with the state. Id. at 652-54 (citation omitted). Because Plaintiff claims that the locus of harm occurred in the Warwick office, where the Defendant is located and where she was required to appear regularly, Fields supports Plaintiff's position. See Compl. ¶ 19; Larisa Aff. ¶¶ 20-23. In sum, Larisa presents sufficient facts to show relatedness between ADP's conduct in Rhode Island and the present litigation.

    2.   Purposeful Availment

Second, a plaintiff must show that the defendant availed itself of the "privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws." Foster-Miller, 46 F.3d at 144 (citation omitted).

6

The Court considers two factors: voluntariness and foreseeability. Sawtelle, 70 F.3d at 1391. Given that ADP does not dispute these factors in its briefing, a lengthy discussion is not necessary. ADP voluntarily availed itself of Rhode Island courts by opening a branch in Warwick and allegedly requiring Larisa to spend one day a week working from that office. Further, by doing business in its Rhode Island office, ADP availed itself of the benefits and protections of the state's law, and could reasonably foresee that it could be brought into Rhode Island courts.

    3.    Reasonableness

Once a plaintiff has satisfied the first two prongs of this analysis, the Court will consider whether personal jurisdiction in the forum is reasonable. Sawtelle, 70 F.3d at 1394. The Court considers the five "gestalt factors": "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." Id. at 1394 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). Unlike the first two prongs of the specific personal jurisdiction analysis, the defendant normally

carries the burden to prove unreasonableness. Ticketmaster, 26 F.3d at 206. As ADP has not raised any of these factors in its briefing, a lengthy discussion is not needed.

The first factor, Defendant's burden of appearing, supports Plaintiff's position. The mere fact that ADP is an out-of-state corporation is not sufficient, as courts have held that this factor requires a "special, unusual, or other constitutionally significant" burden. Pritzker, 42 F.3d at 64.

The second, the forum state's interest, supports Plaintiff. The Rhode Island statutes of which Plaintiff claims violation show a demonstrated interest in protecting employees within Rhode Island. Plaintiff's ties to both Massachusetts and Rhode Island are irrelevant, as this factor merely asks whether the forum state "has an interest." Foster-Miller, 46 F.3d at 151.

The third, Plaintiff's interest in obtaining convenient relief, strongly favors Plaintiff. A plaintiff's choice of forum should be given "a degree of deference[,]" and there is no reason here to discount this. Sawtelle, 70 F.3d at 1395.

Neither of the last two factors pull strongly in either direction. Since Larisa raised sufficient facts to meet the first two prongs of the analysis, and ADP failed to raise any gestalt factors to challenge it, sufficient evidence supports finding that

this Court has specific personal jurisdiction over ADP.

   B.   Improper Venue

Venue is proper in any "judicial district in which a substantial part of the events of omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). As discussed, the central events relevant to Larisa's claims took place at the Warwick office. Thus, venue is proper here.

   C.   Choice of Law

Finally, ADP argues that "Plaintiff cannot maintain Rhode Island-based statutory claims against ADP." Mem. Supp. Mot. to Dismiss 8, ECF No. 7-1. As a federal court sitting in diversity, this Court is required to follow the choice of law rules from the forum state. Baker v. St. Paul Travelers, Ins. Co., 595 F.3d 391, 392 (1st Cir. 2010). Rhode Island follows the "interest-weighing approach" to choice of law. Cribb v. Augustyn, 696 A.2d 285, 288 (R.I. 1997). This involves the application of five factors: "(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law." Id. (citation omitted). In a non-contract case, Rhode Island courts also consider four "tort factors": "(1) The place where the injury occurred, (2) the place where the conduct causing the injury occurred, . . . (3) the

domicile, residence, nationality, place of corporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered." Harodite Indus., Inc. v. Warren Elec. Corp., 24 A.3d 514, 526 (R.I. 2011). These factors are difficult to apply at the motion to dismiss stage, as "analysis of the tort factors requires fact-finding, whereas the analysis of the policy considerations is legal in nature." Id. at 530; see also Alifax Holdings SpA v. Alcor Sci., Inc., No. 1:14-cv-00440-WES-LDA, 2015 WL 5714727, *3 (D.R.I. 2015) (citing In re Volkswagen and Audi Warranty Extension Litig., 692 F.3d 4, 8 n.2 (1st Cir. 2012)) (denying motion to dismiss based on choice of law issue, finding it premature until after discovery).

    As this matter is before the Court on a motion to dismiss, and no discovery has yet been done, dismissal of the case based on application of the tort factors would be premature.  Plaintiff has claimed sufficient facts to show that the material facts center in Rhode Island; the initial evidence supports her allegations that ADP maintains a registered office in Warwick and required her to regularly work from that office at a cubicle near McKeon.  Compl. ¶¶ 6, 19; Opp'n to Mot. to Dismiss Ex. B, ECF No. 12-1; Larisa Aff. ¶¶ 20-24.  While ADP has raised conflicting evidence on this issue, a consideration of these documents would require a weighing

of evidence that is inappropriate at this stage.

Further, from a policy perspective, it should be predictable that a company that maintains an office and employees in a state would be subject to that state's laws regarding claims of a hostile workplace at that office.  And, the Rhode Island statutes grounding Larisa's claims demonstrate that Rhode Island has an interest in protecting those employed in the state from discrimination, improper termination, and hostile work environments.

The Court therefore finds that dismissal based upon improper choice of law is premature at this time.

IV.  CONCLUSION

For the above reasons, Defendant's Motion to Dismiss, ECF No. 7, is DENIED.


IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: August 5, 2021